UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

KEITH WAYNE SHARP,

           Petitioner,           Case No. 2:16-cv-99

v.                                      Honorable Gordon J. Quist

SHAWN BREWER,

           Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

Petitioner Keith Wayne Sharp is incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. Petitioner pleaded guilty to armed robbery, first degree home invasion, and second habitual offender on November 7, 2006, in the Dickinson County Circuit Court in Iron Mountain, Michigan. Petitioner did not file a direct appeal because his attorney "wrongfully advised Petitioner not to file" an appeal.

On August 1, 2012, Petitioner filed a motion to correct his sentence, which was denied on August 27, 2013. On November 22, 2013, Petitioner filed a motion for relief from judgment, which was denied by the Dickinson County Circuit Court on December 11, 2013. Petitioner's appeal to the Michigan Court of Appeals was denied on June 27, 2014, and his appeal to the Michigan Supreme Court was denied on April 28, 2015. Petitioner filed his application on or about April 26, 2016.[1]

## II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on April 26, 2016, and it was received by the Court on April 28, 2016. Thus, it must have been handed to prison officials for mailing at some time between April 26, 2016, and April 28, 2016. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner was convicted on November 7, 2006. He did not file a direct appeal of his conviction to either the Michigan Court of Appeals or the Michigan Supreme Court. Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (emphasis added).

Petitioner had one year, until November 7, 2007, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(F)(3). Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, his conviction became final when his time for seeking review in that court expired. *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012) (holding that a defendant's conviction became final when the time for seeking review under Mich. Ct. R. 7.205(F)(3) expired); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time expires for seeking state-court review). Consequently, Petitioner's conviction became final on November 7, 2007.

Petitioner had one year after his petition became final, or until November 7, 2008, in which to file his habeas petition. Petitioner did not take any action until he filed his motion to correct sentence on August 1, 2012, and his motion for relief from judgment on November 22, 2013. Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Because Petitioner's one-year period expired on November 7, 2008,

his collateral motions filed in 2012 and 2013 do not serve to revive the limitations period. Obviously, Petitioner filed his post-conviction motions more than one year after the time for direct review expired. Thus, absent tolling, his application is time-barred.

Petitioner has filed a motion and brief asserting that he is entitled to equitable tolling for the time between his conviction and the time that he filed his first motion for post-conviction relief (ECF Nos. 3 and 4). Petitioner states that following his guilty plea, his counsel advised him not to file an appeal because it could result in Petitioner receiving a longer sentence. In addition, Petitioner contends that during the pertinent time period, he suffered from "mental deficiencies" which prevented him from understanding his rights. Petitioner states that it was only after receiving proper mental health treatment within the MDOC that he acquired sufficient mental clarity and "some learning of the law," so that he was able pursue relief in the state courts.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Hall v. Warden, Labanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."

*Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, slip op. at 7; *Akrawi*, 572 F.3d at 260. In order to rise to the level of an extraordinary circumstance that would support equitable tolling, "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Hall v. Warden, Labanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011).

As noted above, Petitioner claims that counsel told him that an appeal following a guilty plea could result in a longer sentence, and that this advice, coupled with Petitioner's mental deficiencies, prevented him from pursuing a timely appeal. In an unpublished Sixth Circuit decision, the court found that 28 U.S.C. § 2244(d)(1)(B) may apply in cases where a petitioner has alleged facts that he was actually prevented from timely filing a habeas petition because of the ineffectiveness of his state appellate counsel. *Winkfield v. Bagley,* 66 F. App'x 578, 582-83 (6th Cir. 2003). In *Winkfield,* the court held that the ineffective assistance of counsel in failing to advise the petitioner that a "new trial motion had been denied and thus the time to appeal was running," and actively misleading the petitioner that his "motion and direct appeal were still pending" constituted state action. *Id.* at 582. However, the court ultimately held that § 2244(d)(1)(B) did not apply because the petitioner failed to show a "causal relationship between the unconstitutional state action and being prevented from filing the petition." *Id.* at 583. Likewise, no such allegations have been made in this case. Although Petitioner's counsel told him that an appeal could result in a longer sentence, he fails to show how that prevented him from pursuing any remedies for a period of almost six years.

Petitioner also claims that the delay in seeking relief was the result of "mental deficiencies" and ignorance of the law. The fact that Petitioner is untrained in the law, was

proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) ("ignorance of the law alone is not sufficient to warrant equitable tolling."); *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004); *Allen v. Yukins*, 366 F.3d 396, 403-04 (6th Cir. 2004); *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing."); *Holloway v. Jones*, 166 F.Supp.2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F.Supp.2d 1246, 1254 (C.D. Cal.1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

Petitioner also fails to show that his "mental deficiencies" prevented him from pursuing his legal rights during the statute of limitations period. *See Price*, 119 F. App'x at 726. Petitioner fails to specify the nature of his mental deficiencies or the manner in which they affected his ability to pursue legal relief in the state courts. Nor does Petitioner explain the nature of the treatment he received while in the MDOC, or how it enabled him to file his post-conviction motions in 2012 and 2013. *See Gutierrez v. Elo,* No. 00-CV-74240-DT, 2000 WL 1769559, *3 (E.D. Mich. Oct. 30, 2005) (extraordinary circumstances did not exist where petitioner, a Cuban immigrant with a grade school education, limited command of the English language and lack of legal assistance, filed an untimely petition); *Cannon v. Kuhlmann,* No. 99Civ10101(DLC), 2000 WL 1277331, *2 (S.D.N.Y. Sept. 7, 2000) (allegations of low intelligence, learning disability, memory loss, and use of psychiatric medication failed to show petitioner was unable to pursue his habeas rights during the

limitations period). Petitioner has not established that extraordinary circumstances existed, which caused him to file his habeas petition almost five years after the expiration of the limitations period. In the opinion of the undersigned, Petitioner is not entitled to equitable tolling of the statute of limitations for his alleged learning disabilities.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner does not claim that he is actually innocent, much less proffer new evidence of innocence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547

U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  August 3, 2016                     */s/ Timothy P. Greeley*
                                           TIMOTHY P. GREELEY
                                           UNITED STATES MAGISTRATE JUDGE


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).