UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

KEITH WAYNE SHARP,

    Petitioner,

v.                                                Case No. 2:16-CV-99

SHAWN BREWER,                          HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, Keith Wayne Sharp, has filed Objections to the August 3, 2016 Report and Recommendation (R & R), in which the magistrate judge recommended that the Court deny the habeas corpus petition as time-barred. Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R and Petitioner's Objections, the Court will adopt the R & R and overrule Petitioner's Objections.

Petitioner argues that (1) applying the statute of limitations period in 28 U.S.C. § 2244 is unjust; (2) the magistrate's interpretation of equitable tolling is unreasonable; and (3) the magistrate judge should not have considered actual innocence. Section 2244 provides a one-year statute of limitations for habeas petitions. 28 U.S.C. § 2244(d)(1). The limitations period is subject to equitable tolling if a petitioner can demonstrate that (1) he pursued his rights diligently; and (2) some extraordinary circumstance prevented him from timely filing. *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011). "[T]he petitioner bears the ultimate burden of persuading the court that he or she

is entitled to equitable tolling." *Griffin v. Rogers*,, 653 (6th Cir.2002). The Sixth Circuit has cautioned that equitable tolling should be applied sparingly. *Ata*, 662 F.3d at 741.

Petitioner has failed to demonstrate that he is entitled to equitable tolling. Although he asserts that the magistrate judge erred, he provides no more specific argument as to why he was excused from complying with the statue of limitations or entitled to equitable tolling. Finally, the magistrate judge did not err in concluding that Petitioner was not excused from compliance based on actual innocence, as Petitioner has acknowledged that he is not asserting actual innocence.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated "a substantial showing of a denial of a constitutional right." *Id.* The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability.

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 6) is **ADOPTED** as the Opinion of the Court, and the Petition (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Objection to the R & R (ECF No. 7) is **OVERRULED**.

This case is concluded.

A separate judgment will issue.


Dated: August 24, 2016                              /s/ Gordon J. Quist
                                            GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE